DASHIELDS R. PRETTYMAN, d. b. app'lt. *vs.* WM. D. WAPLES' Executor, p. b. resp't.

SAME *vs.* SAME.

How to declare on a note signed by a wrong name.
The plaintiff on an appeal from a justice of the peace cannot take a non pros at pleasure.
The defendant in such case may recover an amount even beyond the magistrate's jurisdiction.
A *probate* need not be produced unless called for.
Verdict set aside for an error in calculating interest, and for surprise, though the party might have had notice by requiring the pleas to be drawn out.

THESE were appeals from the judgments of a Justice of the Peace in an action of assumpsit on a note not under seal; and in debt on a sealed instrument, dated June 17, 1817, and signed Robinson Dashields Prettyman, for $37 50. By agreement the two cases were tried together. The pleas were non assumpsit; non est factum; set off; act of limitation, &c. Both declarations were against D. R. Prettyman, the first counting that he signed the note by the name of R. D. Prettyman.

The plaintiff below offered to prove that Dashields Robinson Prettyman was known also by the name of Robinson Dashields Prettyman, which was objected to.

*Cullen.*—If a party sign a note by a wrong name, he must be declared against by that name. The instrument declared on is a note executed by D. R. P., and the proof offered is of a note by R. D. P.

This is a variance. (2 *Saund. Pl. & 'Ev.* 373; 3 *Taunt.* 504; 5 *B. & Ald.* 682.)

*Layton.*—It is a pro narr., and sets out the instrument as it is. The pro narr., if drawn out would be thus: D. R. P., was sued by plaintiff; and thereupon the said plaintiff declares that on, &c., the defendant D. R. P., by the name of R. D. P., executed the note, &c.

*Court.*—This case is like the case in 3 *Taunton's Reports*, which is express against plaintiff; but we do not at present see the reason of that decision; and we will hear the proof, subject to the opinion of the court on this question, or to a motion in arrest of judgment.

It was then proved that the defendant went by both names, and had acknowledged the execution of this note by the name of R. D. P. He said, he sometimes, in his younger days, wrote his name thus. .

On the part of the defendant evidence was offered, under the plea of set-off, of a settlement between plaintiff and defendant in 1832, at which time the defendant assigned Waples a judgment against Thomas C. Waples, Isaac Waples, Clowes and Clark, for $400. Waples deducted $160, in full of the defendants paper which he held, and which he promised to deliver up at some future day; paid defendant $50, and agreed to pay him the balance, viz. $190, when he collected the judgment against Clowes and Clark, which he afterwards did collect.

*Mr. Layton*, for plaintiff, now offered to take a nonsuit, which *Mr. Cullen* objected to.

*By the Court.*—The proceeding on appeal is regulated by the act which gives this court, as well as the justice of the peace, jurisdiction; the justice, original; this court, appellate jurisdiction. It provides that the proceeding shall be "by declaration, pleadings, and trial," as in actions originally instituted in this court. But the act further authorizes either party on a trial of appeals to make demands against the other, and the jury to find a verdict for either party; which is contrary to proceedings in other actions in this court. This makes both parties, as it were, plaintiffs; the original plaintiff, for his demand; the defendant for his set-off; and it is not competent for the party who stands as plaintiff to prevent a recovery by the other party, of his cross demand, by taking a nonsuit.

It is true generally, but not universally, that the plaintiff in an action originally instituted in this court, may stop the case when he pleases, by suffering a non pros at his own cost. This does the defendant no wrong. But it would not be so, even in the action of replevin, where the defendant pleads property. At all events, this

matter is governed by the terms of the act of assembly which gives the defendant, on appeal, a right to bring forward and recover a demand against the plaintiff. And it has been decided by this court, that he may, upon such demand, recover a sum exceeding $50. (3 *Harr. Rep.* 279, *Records* vs. *Bacon.*)

The court refused to order a non pros; and the defendant went on, and obtained a verdict for $395 26.

Whereupon, *Houston* and *Layton*, for plaintiff, moved for a new trial on the ground: 1st. That there had been no probate offered. 2d. Because the verdict was against the evidence, as ascertained by the statement returned by the jury; and also, on the ground of surprise; and of after discovered testimony.

*Houston.*—1st. The act of assembly requires that before an executor shall pay a demand against the estate there shall be a probate. He could not be allowed for such payment without probate; on appeal any such payment would be struck out of his account, and a subsequently made probate would not help him. The party then is bound to *produce* a probate not merely when called for, but before a verdict can be rendered in his favor.

2. We were certainly surprised by the production of this large claim, on an appeal from a judgment in our favor, before a justice of the peace. True, there is a plea of set-off; but it was not drawn out, and we could not be taken to have notice of such a strange demand as this.

3d. The proof as to the collection and payment of this, Clowes and Clark judgment to defendant, is at least, conflicting. There is great doubt on the subject, and the executor ought to have an opportunity of clearing it up.

*Cullen.*—1st. As to the probate.

[The Court stopped Mr. Cullen on this point. The probate is in time if made when called for. It must be produced by the party plaintiff in any action against an executor, and if not produced the court are required *on motion* to give judgment of nonsuit. As the judgment must be asked for on the ground of the non-production of the probate, a motion which must be made before verdict, it follows, that the probate must be demanded, and if then not produced, the nonsuit follows. As to the necessity of a probate to protect the executor in his payment, the judgment is his protection; he would be compelled to pay it, and of course, would be allowed without further voucher.]

2d. As to the calculation of interest there is no evidence of a mis-

take, and can be none, for the jury will not be allowed to impeach their own verdict. (2 *Chit. Rep.* 321; 18 *Com. L. Rep.*)

3d. There is not sufficient evidence that the balance of the Clowes and Clark judgment has been paid to D. R. Prettyman.

4th. As to new discovered evidence. It must not be merely cumulative; nor such as might by ordinary diligence have been discovered before the trial; nor for the discovery of new witnesses to the same facts. The affidavit of the discovery of new testimony must state what that testimony is, that the court may judge of its materiality. (2 *Hall's Rep.* 391; 5 *Wend. Rep.* 114; 15 *Johns. Rep.* 210; 8 *Ibid* 84; 2 *Caine's Cases* 129, 133; 1 *Ibid* 124, 24; 4 *Johns. Rep.* 425, 225, 210.)

It is no ground for a new trial that the party was surprised by the defence; nor for want of evidence which the party might have produced with due diligence; nor where the party was apprised of the defence; nor where a witness proved a fact to the surprise of a party. (9 *Johns. Rep.* 76; 1 *Wils. Rep.* 98; 2 *Binn. Rep.* 582, *n;* 2 *T. Rep.* 113; 18 *Com. L. R.* 302; 11 *Price's Exch. Rep.* 303.)

*The Court* set aside the verdict, on the ground that it was against the evidence on a point in reference to which there was no conflict of testimony. The verdict was rendered on the plea of set-off, as to which the evidence uncontradicted, was, that Prettyman sold a judgment to Col. Waples, for $400; and the terms of sale were these: $160, which Prettyman owed Waples, was to be deducted; Col. Waples paid $50 in cash, and the balance of $190 was to be paid when he collected the judgment and not before. He collected the judgment in 1834, from which time only was he bound to pay interest on the $190; which by calculation, shows that the verdict is erroneous by about $80. It is not to be disguised, also, that the matter of set-off here presented, was entirely unexpected to, and unknown by this plaintiff, who is an executor, and the pleading gave him, in fact, no notice of it. Yet it cannot be called a case of legal surprise, for plaintiff had the right to call upon the defendant to specify his matter of set-off, and it was his neglect that he did not do it.

Verdict set aside, and new trial granted, on the terms of paying all the costs of the trial, and of this motion; and of going to trial on the merits, on the plea of set-off.

Rule absolute.

*Houston* and *Layton*, for plaintiff.
*Cullen*, for defendant.